## BERRY v DEPARTMENT OF CORRECTIONS

Docket No. 58612. Submitted April 9, 1982, at Lansing.—Decided June 23, 1982.

Thomas Berry, Jr., was convicted of first-degree murder and sentenced to life imprisonment in 1964. In May, 1979, Berry applied to the Michigan Parole Board for a commutation of sentence. In September, 1979, Berry requested a declaratory ruling from the parole board, seeking a hearing on his application for commutation of sentence. The board refused to issue such a declaratory ruling. Berry then filed suit against the Department of Corrections, the Michigan Corrections Commission, Perry Johnson, the director of the Department of Corrections, and the parole board in Ingham Circuit Court seeking a declaratory judgment pursuant to the Administrative Procedures Act declaring that the policy and practice by which the parole board administered the statute governing application for pardons, reprieves, and commutations was erroneous and that plaintiff was entitled to a hearing on his application for commutation. The trial court, Robert Holmes Bell, J., granted summary judgment in plaintiff's favor. Defendants appeal. *Held:*

1. The trial court had jurisdiction under the Administrative Procedures Act to issue a declaratory judgment in this matter.

2. Plaintiff's contention that a hearing is invariably required whenever an application for commutation of sentence is filed with the parole board is not reasonably supported by the language of the statute governing such applications. The trial court erred in finding that the statute requires a hearing before the parole board upon every application for commutation of sentence.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 553 *et seq.*
 59 Am Jur 2d, Pardon and Parole §§ 22, 65, 80.
[2] 73 Am Jur 2d, Statutes §§ 145, 146.
[3] 73 Am Jur 2d, Statutes §§ 195, 254.
[4] 59 Am Jur 2d, Pardon and Parole § 65.

1. COURTS — CIRCUIT COURTS — JURISDICTION — DEPARTMENT OF
    CORRECTIONS — COMMUTATION OF SENTENCES — DECLARATORY
    JUDGMENTS.

    A circuit court has jurisdiction under the Administrative Proce-
    dures Act to issue a declaratory judgment determining the
    validity of the policy and practice by which the Department of
    Corrections administers the statutes governing the procedure
    for reviewing applications for reprieves, commutations, or par-
    dons (MCL 24.264, 791.243, 791.244; MSA 3.560[164], 28.2313,
    28.2314).

2. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

    The fundamental goal of statutory construction is to give effect to
    the intent of the Legislature, and the best source for ascertain-
    ing the Legislature's intent is the language of the statute itself.

3. STATUTES — JUDICIAL CONSTRUCTION.

    A court in construing a statute must render a reasonable con-
    struction and reconcile apparent inconsistencies where statu-
    tory language is of questionable meaning, and where one
    section of a statute is ambiguous or susceptible to more than
    one interpretation, the entire statute must be read as a whole,
    and the meaning given to one section should be determined by
    considering the other sections.

4. ADMINISTRATIVE LAW — PAROLE BOARD — COMMUTATION OF SEN-
    TENCES — PUBLIC HEARINGS.

    The parole board is not required to conduct a hearing on every
    application for commutation of sentence it receives; the statute
    governing the procedure for processing applications for re-
    prieves, commutations, or pardons requires a public hearing
    only if the parole board is inclined to recommend clemency
    (MCL 791.244; MSA 28.2314).

*Zolton Ferency,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *J. Peter Lark,* Assistant Attorney General, for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendants appeal as of right from the trial court's order granting summary judgment to plaintiff.

Plaintiff was sentenced to life imprisonment on July 2, 1964, after being convicted of first-degree murder. He is presently an inmate at the State Prison of Southern Michigan. In May, 1979, plaintiff made application for a commutation of sentence, pursuant to MCL 791.243 *et seq.;* MSA 28.2313 *et seq.* On June 22, 1979, defendant parole board acknowledged receipt of the application in the following manner:

"In accordance with the statutes, the Parole Board will submit the results of their investigation and recommendation to the Governor. You will learn directly from his office the final disposition of your petition."

On September 13, 1979, plaintiff requested a declaratory ruling from defendants, seeking a hearing on his application for commutation of sentence. On September 21, 1979, defendants refused to issue such a declaratory ruling.

Plaintiff filed this action in Ingham County Circuit Court seeking a declaratory judgment, pursuant to the Administrative Procedures Act of 1969 (APA), 1969 PA 306, as amended, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Plaintiff sought a judgment declaring that the policy and practice by which defendants administered MCL 791.243 *et seq.;* MSA 28.2313 *et seq.,* was erroneous and that plaintiff was entitled to a hearing on his application for commutation.

Defendants filed motions for summary and accelerated judgment pursuant to GCR 1963, 117.2(1) and 116.1(2), respectively, and plaintiff filed a motion for summary judgment under GCR 1963, 117.2(3). After a hearing, the trial court entered an

order denying defendants' motions and granting plaintiff's motion. The trial court ruled that MCL 791.243 *et seq.;* MSA 28.2313 *et seq.,* entitled plaintiff to a hearing before the parole board.

The first question is whether the trial court had jurisdiction to issue a declaratory judgment under APA § 64. That section provides, in part:

"Sec. 64. Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule may be determined in an action for declaratory judgment when the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff."

Defendants contend that relief was unavailable under § 64 because plaintiff's complaint concerned the applicability of a statute rather than a rule. While the complaint does not cite a specific rule governing the procedure for reviewing applications for commutation of sentence, we note that such a rule has been promulgated. 1979 AC, R 791.7760 provides in part:

"(2) Upon receipt of an application for pardon, reprieve, or commutation, the parole board shall handle such application pursuant to the procedures contained in § 791.244 of the Michigan Compiled Laws."

MCL 791.244; MSA 28.2314 governs the procedure for processing applications for reprieve, commutation, or pardon. Since plaintiff's complaint challenged the defendant agencies' interpretation of that statute, and since Rule 791.7760 incorporates the statute by reference, we conclude that the complaint sought a determination of the applicability of Rule 791.7760, even though that rule

was not specifically cited in the complaint. We therefore conclude that jurisdiction existed under APA § 64.

The remaining question is whether the trial court erred in finding that MCL 791.244; MSA 28.2314 requires a hearing before the parole board upon every application for commutation of sentence.

The statute provides in pertinent part:

"Sec. 44. Subject to the constitutional authority of the governor to grant reprieves, commutations and pardons, the parole board shall, upon receipt of any application for reprieve, commutation or pardon:

"(a) Deliver the original application to the governor and retain a copy thereof in its file, pending investigation and hearing; and

"(b) Within 10 days after receipt of any application, forward to the sentencing judge, and to the prosecuting attorney of the county having original jurisdiction of the case, or their successors in office, a written notice of the filing thereof, together with copies of the application, the supporting affidavits, and a brief summary of the case. Within 10 days after receipt of notice of the filing of any application, it shall be the duty of the sentencing judge and the prosecuting attorney, or their successors in office, to file with the parole board, in writing, such information as may be at their disposal, together with such objections as they may desire to interpose to such application.

"(c) In all cases where the applicant applies for a reprieve, commutation or pardon, the parole board shall conduct a public hearing before recommending executive clemency. Two members of the board may conduct such hearing, and the public shall be represented by the attorney general or a member of his staff.

\* \* \*

"(f) The parole board shall in each case make a full investigation and recommendation, and shall make all data in its files available to the governor. The files of

the parole board in such cases shall be matters of public record."

Plaintiff contends and the trial court ruled that the reference to a "hearing" in subsection (a) establishes a requirement for a separate hearing before the board on every application. The defendants contend that the word "hearing" simply refers to the "public hearing" requirement of subsection (c); under that subsection, a public hearing is required only if the board is inclined to recommend clemency.

The fundamental goal of statutory construction is to give effect to the intent of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184, 187; 253 NW2d 646 (1977). The language of the statute is the best source for ascertaining the Legislature's intent. *People v Dunn,* 104 Mich App 419, 426; 304 NW2d 856 (1981). Where statutory language is of questionable meaning, the court must render a reasonable construction and reconcile apparent inconsistencies. Where one section of a statute is ambiguous or susceptible to more than one interpretation, the entire statute must be read as a whole, and the meaning given to one section should be determined by considering the other sections. *Clarke-Gravely Corp v Dep't of Treasury,* 89 Mich App 732, 737-738; 282 NW2d 202 (1979), *lv gtd* 308 Mich 958 (1980).

In the instant case, the statute requires a public hearing before the board recommends executive clemency to the governor and establishes a detailed procedure for providing notice and conducting such hearings. There is no specific reference in the statute to a routine hearing before the parole board. Subsection (f) requires the board to make a "full investigation and recommendation", but

makes no reference to a hearing before the board. Had the legislature intended to require a hearing before the board in every case, it would have specifically set forth such a requirement and it would have set forth procedures for conducting such hearings. Our interpretation is supported by 1979 AC, R 791.7760, which mentions the subsection (c) public hearing but makes no reference to a separate hearing before the board. We conclude that plaintiff's contention that a hearing is invariably required is not reasonably supported by the language of the statute. The trial court's decision is reversed.

Reversed.