BENTLEY v DEPARTMENT OF CORRECTIONS

Docket No. 99394. Submitted February 9, 1988, at Detroit. Decided June 7, 1988.

Plaintiff, Robert Bentley, an inmate of the State Prison of Southern Michigan, sought a declaratory ruling from defendant, Michigan Department of Corrections, after the defendant determined according to a policy directive that plaintiff should be transferred from a medium security complex to a higher security complex because his prison record indicated that he was a homosexual predator. Plaintiff did not receive a ruling within thirty days of the request, therefore, the request was considered denied by defendant. Plaintiff then brought an action in the Ingham Circuit Court seeking a declaratory judgment on the issue of his institutional classification as a homosexual predator. Jack Dempsey Kiser, a prisoner at the same prison, was allowed to intervene as a plaintiff after the trial court found that his claims were based on substantially the same questions of law and facts. The trial court, James R. Giddings, J., granted both plaintiffs' motions for summary disposition and ordered that the homosexual predator designation in the prison records be expunged. Defendant appealed.

The Court of Appeals *held:*

1. The trial court's decision granting plaintiffs' motions for summary disposition is reversed since plaintiffs' action was for a declaratory judgment brought pursuant to § 64 of the Administrative Procedures Act and since it was not based on a rule as required by that section of the act. However, plaintiffs' claims are not dismissed since defendant's declaratory ruling is subject to judicial review in circuit court. Since judicial review of a final agency decision is limited to the record and there is no record of the agency decision, the circuit court may remand this case back to the agency for a hearing.

2. The trial court's exercise of its discretion in allowing

REFERENCES

Am Jur 2d, Administrative Law § 593.
Am Jur 2d, Penal and Correctional Institutions §§ 31, 110, 193, 194.
See the Index to Annotations under Administrative Law.

intervention by Kiser did not unduly delay or prejudice the adjudication of the rights of the parties.

Reversed and remanded.

1. ADMINISTRATIVE LAW — DECLARATORY RULINGS — APPEAL.

An administrative agency, on request of an interested person, may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency; an agency that receives a request for a declaratory ruling may: grant the request and issue a declaratory ruling, deny the request, or ignore the request and fail to act; a declaratory ruling is subject to judicial review in the same manner as an agency's final decision or order in a contested case (MCL 24.263, 24.306; MSA 3.560[163], 3.560[206]).

2. ADMINISTRATIVE LAW — DECLARATORY JUDGMENTS — RULES — APPEAL.

A declaratory judgment action to question the validity or applicability of a rule may be commenced in circuit court under the Administrative Procedures Act where the plaintiff has first requested from an administrative agency a declaratory ruling regarding the rule and the agency has denied the request or failed to act upon it expeditiously; only those agency statements formally promulgated with the act's rulemaking procedures are construed as rules; what is essential to a valid rule is a reasonable exercise of legislatively delegated power, pursuant to proper procedure (MCL 24.264; MSA 3.560[164]).

Robert Bentley and Jack Dempsey Kiser, in propris personis.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas A. Kulick,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and H. HOOD and M. WARSHAWSKY,* JJ.

M. J. KELLY, P.J. Plaintiff and intervening plaintiff are inmates of the State Prison of Southern Michigan. They sought a declaratory judgment on

* Circuit judge, sitting on the Court of Appeals by assignment.

the issue of their institutional classification as homosexual predators. Such a classification restricts plaintiffs from medium or minimum security facilities and limits plaintiffs to close security facilities.

After determining that there was little factual support for this classification for either plaintiff or intervening plaintiff, the trial court, on October 15, 1986, and March 3, 1987, respectively, granted both plaintiffs' motions for summary disposition and ordered that the homosexual predator designation in the prison records be expunged.

Plaintiff Robert Bentley originally sought a declaratory ruling from the Department of Corrections pursuant to MCL 24.263; MSA 3.560(163). Plaintiff was motivated by the determination of the department that he should be transferred from a medium security complex to a higher security complex because his prison record indicated that he was a homosexual predator. This determination was in accord with a Department of Corrections Policy Directive, PD-DWA-34.01, which states in pertinent part:

> Homosexuals shall only be housed individually in rooms or cells with locking capabilities. Prisoners with a history of predatory homosexual behavior while institutionalized shall not be placed in medium or minimum security facilities.

The only response to plaintiff's request for a declaratory ruling was a February 11, 1986, letter from the assistant director of the Department of Corrections which informed plaintiff that his request for a declaratory ruling had been received on January 29, 1986, and, if plaintiff did not receive a ruling within thirty days of the request, plaintiff should consider it denied.

Consequently, since defendant failed to respond to plaintiff's request, plaintiff brought the instant action for declaratory judgment. At the hearing on plaintiff's motion for summary disposition on this claim on October 15, 1986, the trial court stated and defense counsel responded:

> Bentley says he never sexually assaulted anybody. He had a simple assault in a common jail setting sixteen years ago and he's had no misconduct relating to assault, and they've got him labeled as a homosexual predator. Now, if there are some other facts that would relate to that question, obviously that would be pertinent and I guess that's what I'm kind of interested in. Do you have the information?
> *Mr. Donahue:* I do not have the information to refute that at this point, Your Honor.

Evidently, the basis for defendant's classification of plaintiff as a homosexual predator originated from information contained in a Presentence Investigation Report of January 16, 1980. The report followed plaintiff's conviction for delivery of cocaine, MCL 333.7401(1); MSA 14.15(7401)(1).

Under the heading in the report entitled Previous Criminal Record, the following information was included:

> Prison records indicate that while the respondent was in the Saginaw County Jail awaiting sentencing in 1970, there were five different complaints made against the respondent and a group of Saginaw County Jail inmates for forcing other prisoners to perform unnatural sex acts upon them plus it was noted that the respondent was a participant in a riot in the Saginaw County Jail.

On the record before us, we cannot determine whether plaintff lodged any objection to this state-

ment in the Presentence Investigation Report at the time of his sentencing on the cocaine conviction.

As to intervening plaintiff, Jack Kiser, the trial court found that his claims were based on substantially the same questions of law and facts. Kiser had also previously requested a declaratory ruling from the department concerning his classification as a homosexual predator and his consequent restriction to close security pursuant to the policy directive previously quoted.

Because the department failed to present any evidence in support of the classifications at the hearing on the motions for summary disposition and simply relied on the affirmative defense in its pleading (that the trial court lacked jurisdiction), the trial court granted plaintiffs' motions for summary disposition pursuant to MCR 2.116(C)(9) and (10). This action granted plaintiffs' petitions for declaratory relief. The trial court concluded that, since the department had shown no basis for labeling plaintiff Bentley a homosexual predator, that classification must be deleted from his file. The trial court made essentially the same ruling for the intervening plaintiff; however, expungement of the classification in Kiser's record was delayed. The order granting Kiser's motion for summary disposition was granted March 3, 1987.

Defendant's first argument on appeal is that the trial court lacked jursidiction. Defendant relies on the Administrative Procedures Act (APA) and contends that, since the classification of plaintiffs as homosexual predators was pursuant to a policy directive, the trial court lacked jurisdiction to afford plaintiffs declaratory judgment relief. Defendant's argument rests on its assertion that, since the policy directive under which plaintiffs were classified was neither a statute, rule or order, it

does not constitute a proper basis for declaratory judgment relief.

Defendant here, the Department of Corrections, is an administrative agency subject to the provisions of the APA, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq. Martin v Dep't of Corrections,* 424 Mich 553; 384 NW2d 392 (1986). Relying on § 63 of the act, both plaintiff and intervening plaintiff requested a declaratory ruling from the Department of Corrections that, according to departmental policy directives, neither one was a homosexual predator and that they were eligible for placement at either a medium or minimum security facility.

Plaintiffs relied on that part of § 63 that provides:

> On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. [MCL 24.263; MSA 3.560(163).]

Once an agency that falls under the provisions of the APA receives a request for a declaratory ruling it has three available options: grant the request and issue a declaratory ruling, deny the request, or ignore the request (fail to act).

When the agency denies a request or fails to act, relief in the form of a declaratory judgment action in circuit court may be available. Section 64 of the act provides:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule may be determined in an action for declaratory judgment when the court finds that the rule or its threatened application interferes with or impairs, or immi-

nently threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The action shall be filed in the circuit court of the county where the plaintiff resides or has his principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously. This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted. [MCL 24.264; MSA 3.560(164).]

Plaintiffs rely on § 64's authority for their declaratory judgment action. Defendant counters by contending that since the subject matter that plaintiffs seek a declaratory judgment on is the application of their facts to a policy directive, and not a rule, reliance on § 64 is inapposite.

Although one of the three ways of obtaining a declaratory ruling from an agency is in questioning the application of a rule, the only way to obtain a declaratory judgment is to question the validity or applicability of a rule. *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977), lv den 402 Mich 906 (1978). See also *Berry v Dep't of Corrections,* 117 Mich App 494; 324 NW2d 65 (1982). For purposes of § 64, only those agency statements formally promulgated in accordance with the act's rulemaking procedures are construed as rules: "[W]hat is essential to a valid . . . Michigan 'rule' is: a reasonable exercise of legislatively delegated power, pursuant to proper procedure." *Michigan Farm Bureau v Bureau of Workmen's Compensation,* 408 Mich 141, 150; 289 NW2d 699 (1980).

Therefore, in order for plaintiffs to have maintained their action for declaratory judgment pursuant to § 64, it was incumbent upon them to challenge the applicability of an agency rule, not the policy directive at issue here. See Monfils, *Declaratory Relief under the Administrative Procedures Act,* 63 MSB J 1035 (1984).

Despite the fact that plaintiffs were foreclosed from pursuing relief in the form of a declaratory judgment pursuant to § 64 of the act, plaintiffs were not left without a remedy. Plaintiffs should have sought an appeal to the circuit court from the agency's refusal to act on their requests for declaratory rulings. Section 63 provides that a declaratory ruling is subject to judicial review in the same manner as an agency's final decision or order in a contested case. MCL 24.263; MSA 3.560(163). However, the scope of this avenue of relief is more limited:

> (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
> (a) In violation of the constitution or a statute.
> (b) In excess of the statutory authority or jurisdiction of the agency.
> (c) Made upon unlawful procedure resulting in material prejudice to a party.
> (d) Not supported by competent, material and substantial evidence on the whole record.
> (e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.
> (f) Affected by other substantial and material error of law.
> (2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand

the case for further proceedings. [MCL 24.306; MSA 3.560(206).]

Since plaintiffs' action was for declaratory judgment brought pursuant to § 64 and since it was not based on a rule as required by that section of the act, we reverse the decision of the trial court granting plaintiffs' motions for summary disposition. However, we do not dismiss plaintiffs' claims since defendant's declaratory ruling was subject to the same judicial review given all agency decisions; although the agency has discretion to refuse a request for declaratory ruling its refusal is subject to judicial review in circuit court. *Human Rights Party, supra* at 210.

Since judicial review of a final agency decision is limited to the record, and, as in *Human Rights Party, supra,* there is no record of the agency decision here, it may be necessary for the circuit court to remand this case back to the agency for a hearing.

Defendant also challenges the intervening plaintiff's right to intervene. This claim is without merit. The claim of the intervening plaintiff has questions of law and fact in common with that of the plaintiff and the trial court's exercise of its discretion in allowing intervention did not unduly delay or prejudice the adjudication of the rights of the parties. See MCR 2.209(B).

With the order remanding this case for review of plaintiffs' claims pursuant to § 106 of the APA, we need not address defendant's contention that the trial court erred in concluding that there was insufficient evidence to support the homosexual predator classification of plaintiffs.

Reversed and remanded.