TRAVIS JONES v DEPARTMENT OF CORRECTIONS

Docket No. 119199. Submitted April 11, 1990, at Grand Rapids.
    Decided May 29, 1990.

Travis Jones was discharged from employment at the Huron
    Valley Men's Facility on the grounds that he violated policy
    directives, institutional procedures and employee guidelines of
    the Department of Corrections and the Civil Service Commis-
    sion. He requested a declaratory ruling from defendants, the
    Department of Corrections and its director, regarding whether
    such directives, procedures and guidelines were promulgated as
    rules pursuant to the Administrative Procedures Act and, if
    not, whether his discharge pursuant to unpromulgated rules
    deprived him of due process of law. Defendants failed to re-
    spond; therefore, Jones instituted an action for declaratory
    judgment in the Ingham Circuit Court, James T. Kallman, J.
    The court granted defendants summary disposition, holding
    that it lacked subject matter jurisdiction, since plaintiff failed
    to exhaust his administrative remedies, and also that plaintiff
    was foreclosed by the APA from pursuing relief in the form of a
    declaratory judgment since he did not challenge the applicabil-
    ity of the directives, procedures and guidelines. Plaintiff ap-
    pealed.

The Court of Appeals *held:*

1. The trial court properly granted defendant's motion for
    summary disposition since the directives, procedures and guide-
    lines were not promulgated as rules pursuant to the APA and
    therefore could not be challenged in a declaratory judgment
    action under the APA. In addition, plaintiff failed to exhaust his
    administrative remedies.

2. The trial court did not err in declining to retain jurisdic-
    tion.

3. The fact that the Civil Service Commission cannot provide
    all of the relief requested does not dispense with the require-

Rᴇғᴇʀᴇɴᴄᴇs
Am Jur 2d, Administrative Law §§ 595, 605, 606, 630.
See the Index to Annotations under Exhaustion of Remedies; Ad-
    ministrative Law.

ment that plaintiff exhaust his administrative remedies before the circuit court acquires jurisdiction.

Affirmed.

1. ADMINISTRATIVE LAW — RULES — JUDICIAL REVIEW.

Policy directives, institutional procedures and employee guidelines of the Department of Corrections and the Civil Service Commission which were not promulgated as rules pursuant to the Administrative Procedures Act may not be challenged under the act in a circuit court action for declaratory judgment (MCL 24.233, 24.264; MSA 3.560[133], 3.560[164]).

2. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES — JUDICIAL REVIEW.

The Administrative Procedures Act provides for judicial review only after all administrative remedies available within an agency have been exhausted unless the court determines that immediate review of a preliminary, procedural or intermediate agency action or ruling is required to provide an adequate remedy (MCL 24.301; MSA 3.560[201]).

3. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES — JUDICIAL REVIEW.

The fact that the Civil Service Commission cannot provide all of the relief requested by a plaintiff does not dispense with the requirements of the Administrative Procedures Act that the plaintiff exhaust his administrative remedies before the circuit court acquires jurisdiction (MCL 24.301; MSA 3.560[201]).

Travis Jones, in propria persona.

Before: REILLY, P.J., and MACKENZIE and SULLIVAN, JJ.

PER CURIAM. In this action for declaratory judgment under § 64 of the Administrative Procedures Act, plaintiff appeals as of right from an opinion and order of the circuit court granting defendants' motion for summary disposition. MCR 2.116(C)(4) and (8). We affirm.

On February 8, 1989, plaintiff was discharged by defendants from his position as warden of the Huron Valley Men's Facility on the grounds that plaintiff violated policy directives, institutional

procedures and employee guidelines of the Michigan Department of Corrections and the Michigan Civil Service Commission. The charges stemmed in part from plaintiff's loss of a master key to the prison and his failure to notify his supervisor of the loss in a timely manner.

On March 16, 1989, plaintiff requested a declaratory ruling from defendants as to whether the aforementioned directives, procedures and guidelines were promulgated as rules pursuant to § 33 of the Administrative Procedures Act, MCL 24.233; MSA 3.560(133), and, if not, whether his discharge pursuant to unpromulgated rules deprived him of due process of law. Defendants failed to respond to plaintiff's request for a declaratory ruling and plaintiff commenced this action for declaratory judgment under § 64 of the APA. MCL 24.264; MSA 3.560(164).

Defendants subsequently moved for summary disposition admitting that the directives, procedures and guidelines were not promulgated as rules pursuant to § 33 of the APA. However, defendants contended that the circuit court lacked subject matter jurisdiction since plaintiff failed to exhaust his administrative remedies. Defendants also contended that plaintiff was foreclosed from pursuing relief in the form of a declaratory judgment pursuant to § 64 of the APA, since plaintiff did not challenge the applicability of the directives, procedures and guidelines.

The circuit court essentially adopted defendants' rationale and granted defendants' motion for summary disposition. MCR 2.116(C)(4) and (8).

I

Plaintiff first contends that he was denied due process of law when he was discharged for violat-

ing directives, procedures and guidelines which were not promulgated as rules pursuant to § 33 of the APA.

The Department of Corrections is an administrative agency subject to the provisions of the APA. *Martin v Dep't of Corrections,* 424 Mich 553, 556; 384 NW2d 392 (1986); MCL 24.313; MSA 3.560(213). In order to maintain a valid action for declaratory judgment under § 64, plaintiff was required to challenge the validity or applicability of a rule which had been formally promulgated as a rule pursuant to § 33 of the APA. See *Bentley v Dep't of Corrections,* 169 Mich App 264, 270; 425 NW2d 778 (1988). Had the Department of Corrections promulgated the directives, procedures and guidelines as rules in accordance with the procedures outlined in the APA, the validity or applicability of the directives, procedures and guidelines could then be determined in an action for declaratory judgment in circuit court under § 64. However, since the directives, procedures and guidelines were not promulgated as rules, in accordance with § 33 of the APA, they could not be challenged under § 64. *Bentley, supra,* p 270.

In addition, § 101 of the APA provides for judicial review only after all administrative remedies available within an agency have been exhausted unless the court determines that immediate review of a preliminary, procedural or intermediate agency action or ruling is required to provide an adequate remedy. MCL 24.301; MSA 3.560(201). As the circuit court noted in its written opinion, at least two additional levels of administrative relief were available to plaintiff at the time he commenced the instant action. In the event that plaintiff was dissatisfied with the decision of the grievance hearing officer, he could appeal that decision to the Employment Relations Board and then, if

necessary, to the Michigan Civil Service Commission.

For the foregoing reasons, we conclude that the trial court did not err in granting defendants' motion for summary disposition.

II

We also reject plaintiff's claim that the circuit court should have retained jurisdiction and treated his petition for declaratory judgment as a petition for judicial review under § 101 of the APA. MCL 24.301; MSA 3.560(201). The difficulty in this case is that there was an incomplete record from the relevant administrative agencies. Therefore the circuit court would have had no way of ascertaining the merits of plaintiff's claims and any attempt to review those claims would have been without the benefit of a fully developed administrative record. The circuit court did not err in declining to retain jurisdiction. *Bentley, supra* at 272; *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977), lv den 402 Mich 906 (1978).

III

Plaintiff finally contends that he should not be required to exhaust his administrative remedies because the Michigan Civil Service Commission is incompetent to decide constitutional issues and any additional delay would only further prejudice his rights. We disagree.

The mere fact that the Michigan Civil Service Commission cannot provide all of the relief requested does not dispense of the requirement that plaintiff exhaust his administrative remedies before the circuit court acquires jurisdiction. *O'Keefe*

*v Dep't of Social Services,* 162 Mich App 498, 505-506; 413 NW2d 32 (1987). The presence of a constitutional issue does not excuse the exhaustion requirement where, as here, there are other issues in controversy. *Id.*

Affirmed.