UNIVERSAL AM-CAN LIMITED v ATTORNEY GENERAL

Docket No. 127145. Submitted December 11, 1991, at Detroit. Decided November 17, 1992, at 9:45 A.M. Leave to appeal sought:

Universal Am-Can Limited, a motor carrier engaged in inter- and intrastate commerce and whose leased equipment is operated by independent contractors instead of employees, brought an action for declaratory and other relief in the Macomb Circuit Court against the Attorney General, the Chairman of the Public Service Commission, and others. The plaintiff sought a declaration that MCL 479.10a(6); MSA 22.575(1)(6), which requires that equipment leased by an intrastate motor carrier be operated only by employees, as applied to the plaintiff and in the absence of a similar requirement on interstate motor carriers under federal law, violates the Commerce Clause of the United States Constitution. The court, Frederick D. Balkwill, J., granted summary disposition for the defendants, ruling that the Public Service Commission has exclusive jurisdiction of the plaintiff's claim and that the plaintiff failed to exhaust administrative remedies available before the commission. The plaintiff appealed.

The Court of Appeals *held:*

1. The circuit court has jurisdiction to decide the constitutionality of § 10a(6). The quasi-judicial authority of the Public Service Commission does not include the power to determine the constitutionality of statutes.

2. The plaintiff should not have been required to exhaust administrative remedies before proceeding with its action in circuit court. Such an exhaustion of administrative remedies would be futile and should not be required because the controlling issue involves a constitutional right. Also, because the special expertise and fact-finding skills of the commission were not required for the resolution of the plaintiff's constitutional

REFERENCES

Am Jur 2d, Administrative Law §§ 602, 603; Constitutional Law §§ 174, 177.

See the ALR Index under Constitutional Law; Exhaustion of Remedies.

challenge, the commission did not have primary jurisdiction to which the circuit court must defer.

Reversed and remanded.

1. ADMINISTRATIVE LAW — STATUTES — CONSTITUTIONAL LAW.

The quasi-judicial authority of an administrative agency generally does not include the power to determine the constitutionality of statutes.

2. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES.

The exhaustion of administrative remedies is not a prerequisite for an action in court against an agency where it would be futile or where a controlling issue involves a constitutional right.

*Farhat, Story & Kraus, P.C.* (by *Richard C. Kraus*), and *McFarland & Bullard* (by *Robert E. McFarland*), for the plaintiff.

*Frank J. Kelley,* Attorney Genral, *Thomas L. Casey,* Solicitor General, and *Don L. Keskey* and *Richard M. Karoub,* Assistant Attorneys General, for the defendants.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ.

CONNOR, J. The trial court granted defendants' motion for summary disposition, MCR 2.116(C)(4) and (7), in its order of January 19, 1990. Plaintiff appeals as of right from that order. We reverse the trial court's decision and remand this matter to the trial court for additional proceedings.

Plaintiff is a common and contract motor carrier with its principal place of business in Sterling Heights, Michigan. Plaintiff operates primarily in interstate commerce, with only 4.8 percent of its 1988 revenues being generated from intrastate operations in Michigan. It is plaintiff's custom and practice to enter into contracts with independent contractors to provide leased equipment and driving services.

Section 10a(6) of the Motor Carrier Act, MCL 479.10a(6); MSA 22.575(1)(6), requires intrastate motor carriers to operate only with direct employees, rather than with independent contractors. The Public Service Commission sent written notices informing plaintiff that it was not permitted to utilize independent contractors to operate leased equipment, and advising plaintiff to bring its intrastate leases into compliance with the statute. The PSC refused to allow plaintiff to add equipment to its intrastate operations and refused to grant the decals necessary for intrastate operation until plaintiff complied with § 10a(6).

Plaintiff filed a complaint in the Macomb Circuit Court, requesting a preliminary injunction, a permanent injunction, a declaratory judgment, and a writ of mandamus against defendants. Plaintiff contended that the PSC's application of § 10a(6), which denied plaintiff, a carrier primarily engaged in interstate commerce, the right to intrastate decals and the use of additional equipment, was in violation of the Commerce Clause of the United States Constitution. US Const, Art I, § 8. Plaintiff argued that federal regulations allow interstate carriers to operate leased equipment with independent contractors, and claimed that its intrastate business was only incidental to its general business of interstate commerce. Plaintiff contends that § 10a(6) violates the Commerce Clause because it subjects plaintiff to inconsistent regulations and unduly burdens interstate commerce. Plaintiff requested a declaratory ruling from the circuit court that § 10a(6) was unconstitutional. Among the other requested relief, plaintiff asked that the PSC be forced to apply this section in a manner consistent with the federal constitution.

Defendants moved for summary disposition of the complaint. The trial court found that it did not

have subject-matter jurisdiction over plaintiff's challenges to the actions by the PSC and that plaintiff had failed to exhaust reasonable and available administrative remedies. The trial court granted summary disposition, and plaintiff's complaint was dismissed with prejudice. We believe both parts of the trial court's ruling were erroneous.

Whether a court has subject-matter jurisdiction is a question of law. *Dep't of Natural Resources v Holloway Construction Co,* 191 Mich App 704, 705; 478 NW2d 677 (1991). The burden is on the plaintiff to establish jurisdiction. *Gooley v Jefferson Beach Marina, Inc,* 177 Mich App 26, 28; 441 NW2d 21 (1989). As a court of general equity jurisdiction, the circuit court had subject-matter jurisdiction to issue a declaratory ruling, an injunction, or a writ of mandamus. Const 1963, art 6, § 13; MCL 600.605; MSA 27A.605; *Consumers Power Co v Public Service Comm,* 415 Mich 134, 144; 327 NW2d 875 (1982); *State ex rel Ingham Co Prosecutor v American Amusement Co, Inc,* 71 Mich App 130, 135; 246 NW2d 684 (1976). However, where the Legislature intended to make an administrative tribunal's jurisdiction exclusive, a circuit court cannot exercise jurisdiction over those same areas. MCL 600.605; MSA 27A.605; *Wikman v Novi,* 413 Mich 617, 646-647; 322 NW2d 103 (1982).

The PSC's jurisdiction is limited to regulating motor carriers involved in intrastate commerce, MCL 460.6(1); MSA 22.13(6)(1). While the PSC has jurisdiction over the enforcement of the Motor Carrier Act, it has generally been held that an agency that exercises quasi-judicial authority does not possess the power to determine the constitutionality of statutes. *Wikman, supra,* pp 646-647; *Eyde v Lansing Twp,* 420 Mich 287, 292; 363

NW2d 277 (1984); *Dation v Ford Motor Co,* 314 Mich 152, 159-160; 22 NW2d 252 (1946). The circuit court retains jurisdiction to consider certain constitutional issues related to the validity of laws. *Johnston v Livonia,* 177 Mich App 200, 204-205; 441 NW2d 41 (1989). However, if the agency is merely asked to resolve issues couched in constitutional terms that do not involve the validity of a statute, it has jurisdiction to do so. *Id.*

In the case at bar, plaintiff's entitlement to the relief requested was dependent upon a ruling that § 10a(6), as applied to interstate motor carriers, was unconstitutional under the Commerce Clause. Plaintiff was directly challenging the constitutionality of the statute and not merely couching the complaint in constitutional terms. We find that the trial court erred in determining that it lacked subject-matter jurisdiction. See also *Plymouth Twp v Wayne Co Bd of Comm'rs,* 137 Mich App 738, 747-748; 359 NW2d 547 (1984).

While it was possible for plaintiff to have first pursued any remedies it may have had before the PSC, both judicial economy and the interests of justice supported plaintiff's actions in filing a complaint in the circuit court for declaratory relief. Plaintiff claimed that the PSC lacked statutory authority to regulate it because its primary business as an interstate carrier fell outside the parameters of the powers granted by the Legislature to the PSC over intrastate carriers. Plaintiff's pursuit of its administrative remedies would have been futile; therefore, the failure to do so is excusable. *Generou v Kalamazoo Regional Psychiatric Hosp,* 192 Mich App 295, 305; 480 NW2d 638 (1991). When the controlling issue involves a constitutional right, the exhaustion doctrine does not apply. *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 641; 298 NW2d 841 (1980). Com-

pare *Jones v Dep't of Corrections,* 185 Mich App 134, 138; 460 NW2d 575 (1990); *O'Keefe v Dep't of Social Services,* 162 Mich App 498, 505-506; 413 NW2d 32 (1987).

We also believe that the doctrine of primary jurisdiction does not apply because the agency's statutory authority and the constitutionality of § 10a(6) were issues that did not require the agency's special expertise or fact-finding skills. *Attorney General v Diamond Mortgage Co,* 414 Mich 603, 613; 327 NW2d 805 (1982); *Int'l Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 610; 255 NW2d 702 (1977). Therefore, there was no need for the circuit court to defer to the psc's jurisdiction.

We are satisfied that the remainder of defendants' arguments do not support the trial court's ruling. While appeals from certain decisions of the psc may be pursued directly in this Court, rather than in the circuit court, MCL 462.26(1); MSA 22.45(1), such procedure is limited to appeals from "any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices, or services." Section 26(1) merely addresses the appeal procedure that results from orders issued by the psc, and it is not applicable where the jurisdiction of the psc is not initially invoked. Therefore, it is distinguishable from the case at bar.[1]

Defendants also argue that MCL 24.263; MSA

[1] We likewise do not believe that MCL 462.26(4), (5); MSA 22.45(4), (5) should be read to prohibit the circuit court from issuing any injunctions in this case. MCL 462.26(4); MSA 22.45(4) bars courts other than this Court from issuing injunctions. However, this subsection must be read in the context of the entire statute, and it is clear that MCL 462.26(4), (5); MSA 22.45(4), (5) are only meant to apply to injunctions against the psc that are issued pending an appeal of an order of the psc.

3.560(163) and MCL 24.264; MSA 3.560(164) mandate that declaratory actions be filed with the administrative tribunal in the first instance, rather than with the circuit court. These statutes allow the PSC to issue declaratory rulings regarding the applicability of a rule or statute administered by the agency to an actual set of circumstances. When rendering a declaratory judgment, an administrative agency is permitted to determine the validity of rules promulgated by the agency, but not statutes enacted by the Legislature. See MCL 24.207; MSA 3.560(107); MCL 24.264; MSA 3.560(164); *Bentley v Dep't of Corrections,* 169 Mich App 264, 270; 425 NW2d 778 (1988). Compare *Berry v Dep't of Corrections,* 117 Mich App 494, 497-498; 324 NW2d 65 (1982). Consequently, the statutory right to pursue a declaratory judgment before an administrative agency does not affect our decision that, in general, an administrative agency may not decide the constitutionality of a statute it is required to enforce.

Defendants have also raised other issues that they contend support the trial court's decision to grant summary disposition. Because these issues were not addressed by the trial court, and go beyond its subject-matter jurisdiction, we will not address them for the first time on appeal. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988).

Reversed and remanded. We do not retain jurisdiction.