NALBANDIAN v
PROGRESSIVE MICHIGAN INSURANCE COMPANY
GEORGE v AUTO CLUB GROUP INSURANCE COMPANY

Docket Nos. 252164, 254317. Submitted March 2, 2005, at Detroit.
Decided June 21, 2005, at 9:05 a.m. Leave to appeal sought.

Anthony Nalbandian, on behalf of himself and others similarly
situated, brought an action in the Wayne Circuit Court against
Progressive Michigan Insurance Company, seeking to require the
insurance company not to allocate negative insurance eligibility
points when a driver exceeds a fifty-five mile an hour speed limit
by no more than ten additional miles an hour. MCL 257.628(11),
which is part of the Michigan Vehicle Code, provides that such a
speeding violation shall not be considered in determining insur-
ance eligibility.

Steve S. George, on behalf of himself and others similarly situated,
brought a similar action in the same court against Auto Club
Group Insurance Company and Auto Club Insurance Association.
The court, Warfield Moore, J., in the action by Nalbandian, and
Cynthia Diane Stephens, J., in the action by George, granted
summary disposition for the defendants on the basis that MCL
257.628(11) is violative of Const 1963, art 4, § 25, which requires
that any law that revises, alters, or amends another act, such as
the Insurance Code, which allows two insurance eligibility points
for speeding less than ten miles over the posted limit, must reenact
and publish at length those additional acts that are amended by
the act passed. The plaintiffs appealed, and their appeals were
consolidated.

The Court of Appeals *held*:

The trial courts correctly held that MCL 257.628(11) violates
Const 1963, art 4, § 25. Although that constitutional section
discusses revision, alteration, or amendment of another act by
reference to the title of that other act, the fact that MCL
257.628(11) does not mention the title of another act is irrelevant.
MCL 257.628(11) is not an act complete within itself. It alters the
Insurance Code, particularly at MCL 500.2103(4)(a)(iii), without
mentioning the title of that code or publishing the affected
sections. Where amending a law by giving reference to the title

alone is banned by the constitutional section because it gives insufficient notice of a change of law, no reference at all provides even less sufficient notice.

Affirmed.

CONSTITUTIONAL LAW — STATUTORY AMENDMENT — REFERENCE TO TITLE OF AFFECTED ACTS.

The Michigan Constitution prohibits the revision, alteration, or amendment of a law by reference to its title only and requires the reenactment and publication of the section or sections of the act altered or amended; this provision gives notice to the public of all the laws changed by a new act; the requirement of reenactment and publication also applies where the title of the affected act is not given in the amending act (Const 1963, art 4, § 25).

*Kickham Hanley P.C.* (by *Gregory D. Hanley* and *Joseph P. Saulski*) for Anthony Nalbandian and Steve S. George.

*Dickinson Wright PLLC* (by *Joseph A. Fink, Kathleen A. Lang, Jeffery V. Stuckey,* and *Phillip J. DeRosier*) for Progressive Michigan Insurance Company.

*Barris Sott Denn & Driker P.L.L.C.* (by *Stephen E. Glazek, Morley Witus,* and *Matthew R. Millikin*) for Auto Club Group Insurance Company and Auto Club Insurance Association.

Before: METER, P.J., and BANDSTRA and BORRELLO, JJ.

BANDSTRA, J. The trial courts determined that § 628(11)[1] of the Michigan Vehicle Code, MCL 257.628(11), was enacted in violation of art 4, § 25 of the Michigan Constitution of 1963, which states, "No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length." We conclude that § 628(11) constitutes an amendment of the

---

[1] As initially enacted, the section was compiled at MCL 257.628(7).

Insurance Code, MCL 500.2103(4)(a)(iii), within the meaning of this constitutional provision and that its enactment did not comply with the provision. We reject plaintiffs' arguments that Const 1963, art 4, § 25 does not apply because the act containing vehicle code section 628(11) was "complete in itself" and that it only amended the Insurance Code "by implication." Further, we conclude that it is irrelevant that the act did not expressly reference the Insurance Code. We affirm the decisions of the trial courts.

### BACKGROUND FACTS

The Insurance Code allows insurance companies to consider speed limit violations in assessing "insurance eligibility points" for the purpose of determining whether and at what premium rates to provide insurance to drivers. See, e.g., MCL 500.2103(1)(h), 500.2118(2)(b), and 500.2120(3)(e). With respect to the issue presented here, two insurance eligibility points may be calculated against a driver "[f]or a violation of any lawful speed limit by 10 miles per hour or less . . . ." MCL 500.2103(4)(a)(iii) (the 2-point rule). Notwithstanding that then-existing provision, the Legislature amended the vehicle code in 1987, and added a provision disallowing the imposition of any insurance eligibility points for ten mile per hour (or less) speed limit violations in one specific instance:

> A citation or civil infraction determination for exceeding a lawful maximum speed limit of 55 miles per hour by driving 65 miles per hour or less shall not be considered by any person in establishing automobile insurance eligibility or automobile insurance rates. [MCL 257.628(11) (the 55 mph speed zone exception); see 1987 PA 154.]

Shortly after vehicle code § 628(11) was enacted, the Attorney General issued an opinion regarding its effect

on the Insurance Code's 2-point rule. OAG, 1982-1988, No 6,552 p 438 (December 2, 1988). The Attorney General concluded that the enactment of vehicle code § 628(11) violated Const 1963, art 4, § 25 because it constituted an amendment of Insurance Code § 2103(4)(a)(iii) without any reenactment or republication of the Insurance Code. OAG, *supra* at 439-440. Accordingly, Michigan insurers have been using the 2-point rule to impose insurance eligibility points for ten mile per hour (or less) speed limit violations in all cases, including those occurring in a 55 mph speed limit zone.

Plaintiffs in these consolidated class actions contend that the Attorney General erred in this determination and that, accordingly, they are entitled to a remedy for adverse insurance decisions made by Michigan insurers in violation of the 55 mph speed zone exception. The trial courts rejected this argument and granted summary disposition in favor of defendant insurance companies.

### ISSUE PRESENTED AND STANDARD OF REVIEW

Plaintiffs claim that Const 1963, art 4, § 25 does not properly apply to the enactment of the 55 mph speed zone exception.[2] Questions regarding the constitution-

---

[2] In one of the two cases, defendant insurance company challenges the jurisdiction of the courts to consider this matter, claiming that the Insurance Commissioner has exclusive or primary jurisdiction. Subject-matter jurisdiction is a question of law that we review de novo. *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 527; 695 NW2d 508 (2004). We disagree with the jurisdictional challenge. These are not cases in which plaintiffs have merely framed the issue as constitutional. Compare *W A Foote Mem Hosp v Dep't of Pub Health*, 210 Mich App 516, 524; 534 NW2d 206 (1995). Instead, all parties admit that the constitutionality of the statute at issue here is pivotal and will govern the resolution of this case. Further, this Court has held that "an agency that exercises quasi-judicial authority does not possess the power to determine the constitutionality of statutes." *Universal Am-Can Ltd v Attorney General*, 197 Mich App 34, 37; 494 NW2d 787 (1992). We

ality of a statute are matters of law that we review de novo. *DeRose v DeRose*, 469 Mich 320, 326; 666 NW2d 636 (2003).

ANALYSIS

Const 1963, art 4, § 25 provides:

> No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length.

The interpretation and application of this provision is governed by *Alan v Wayne Co*, 388 Mich 210; 200 NW2d 628 (1972), the most recent binding authority available.[3] Factually, *Alan* presented a question similar to the one we address today. At issue here is the constitutional propriety of the enactment of a 55 mph speed zone exception to the general Insurance Code 2-point rule. Similarly, in *Alan*, our Supreme Court considered the same constitutional question as it pertained to provisions of the 1948 Building Authority Act that created a "serial or term bonds" exception to the 1933 Revenue Bond Act. *Alan, supra* at 237, 270.

---

have been presented no precedent suggesting that the Insurance Commissioner has such power regarding the constitutionality of the statute at issue here. Thus, plaintiffs' pursuits of administrative remedies before the commissioner "would have been futile" and "the exhaustion doctrine does not apply." *Id.* at 38. In other words, we will not force plaintiffs "to plod through the lengthy administrative process when only the courts have the authority to resolve the controlling constitutional issue." *Bruley Trust v Birmingham*, 259 Mich App 619, 627; 675 NW2d 910 (2003), quoting *Michigan Supervisors Union OPEIU Local 512 v Dep't of Civil Service*, 209 Mich App 573, 578; 531 NW2d 790 (1995) (citations omitted).

[3] We recognize, as pointed out by plaintiffs, that we are not bound by the opinion of the Attorney General. Further, as discussed below, we are not bound by *Advisory Opinion re Constitutionality of 1972 PA 294*, 389 Mich 441; 208 NW2d 469 (1973). There have been no other post-*Alan* Michigan Supreme Court precedents regarding Const 1963, art 4, § 25, nor have there been any post-1990 precedents of this Court, see MCR 7.215(J)(1).

The *Alan* Court began its analysis by considering whether the case presented a "so-called 'amendment by implication,' " not subject to the constraints of Const 1963, art 4, § 25. The "amendment by implication" exception was first recognized in *People v Mahaney*, 13 Mich 481, 496 (1865). *Alan, supra* at 270.[4] At issue in *Mahaney* was legislation that established a police government for the city of Detroit and that abolished the previous offices of city marshal and assistant city marshal, which had apparently been authorized by previous legislation. *Mahaney, supra* at 490. Writing for the *Mahaney* Court, Justice COOLEY briefly reasoned that the law establishing the police government did not run afoul of the predecessor of Const 1963, art 4, § 25 (Const 1850, art 4, § 25):

> The act before us does not assume in terms, to revise, alter or amend any prior act, or section of an act, but by various transfers of duties it has an amendatory effect by implication, and by its last section it repeals all inconsistent acts. We are unable to see how this conflicts with the [constitutional] provision referred to. [*Mahaney, supra* at 496].

In contrast, the *Alan* Court determined that the case before it did not present an "amendment by implication." In so deciding, the *Alan* Court relied on principles stemming from another case authored by Justice COOLEY, *Mok v Detroit Bldg and Savings Ass'n No 4*, 30 Mich 511 (1875). *Alan, supra* at 271. In *Mok*, our Supreme Court considered an 1869 act providing for the incorporation of building and savings associations:

---

[4] The earlier precedents considered constitutional provisions other than art 4, § 25 as it currently exists in our 1963 Constitution. However, the constitutional provisions construed in all precedents on which we rely are substantially similar.

"[T]he act of 1869 . . . undertook . . . to dispense with some things required by [previous legislation], and to make some changes. It provided that the articles of association need not state the amount of capital stock actually paid in; that it should be contributed in initiation fees and in weekly or monthly sums as should be provided by by-laws . . . ." [*Alan, supra* at 272, quoting *Mok, supra* at 521-522 (emphasis deleted).]

The *Mok* Court determined that its case did not present an amendment by implication similar to that considered in *Mahaney* and that the amendment had been passed in derogation of the Constitution:

"The [previous legislation] has been, for the purposes of building and savings associations, incorporated in and made a part of the act of 1869, but with several changes and modifications, and these not made by the re-enactment of the changed or modified, but only by indicating the extent of the changes, leaving the parties concerned to fit the new act to the old as best they may . . . .

"What has been attempted here is, to duplicate an act, but at the same time to accommodate it by indirect amendments to a new class of cases, in disregard of the constitutional provision which requires each act of legislation to be complete in itself, and forbids the enactment of fragments which are incapable of having effect or of being understood until fitted into other acts after by construction or otherwise places have been made for them. No such legislation can be sustained." [*Alan, supra* at 272, quoting *Mok, supra* at 523, 529 (emphasis deleted).]

On the basis of its review of *Mok* and other precedents, the *Alan* Court concluded that the "amendment by implication" exception should apply only in "those limited kinds of cases" in which

because of a special fact situation a court is faced with two *accidentally* absolutely conflicting statutes requiring a determination that one or the other applies (and thus an amendment or repeal of the other by implication follows in

the fact circumstances). These kinds of cases do not result from any deliberate misleading by the Legislature or failure to make all reasonable efforts to make clear in the statutes what is intended, but rather, as we said in *Mok,* 517 "[i]t is probable that if the requirement has at any time been disregarded by the legislature, the default has proceeded from inadvertence merely." [*Alan, supra* at 285-286 (emphasis added).]

Plaintiffs here contend that vehicle code § 628(11) constitutes an "amendment by implication" of Insurance Code § 2103(a)(4)(iii) under *Mahaney,* but, considering the analysis of *Alan,* we disagree. 1987 PA 154, by which the 55 mph speed zone exception was enacted, was not a general act that, as a result of some special fact situation, presents an accidental conflict with the 2-point rule of the Insurance Code. The conflict between the two is not one resulting from mere inadvertence. To the contrary, vehicle code § 628(11) quite clearly resulted from a legislative knowledge of the Insurance Code's 2-point rule and an intent to abrogate that rule with respect to 55 mile per hour speed zone violations. The 55 mph speed zone exception constitutes a "fragment[ary]" attempt to "accommodate [the 2-point rule] by [an] indirect amendment[]" that can only be understood or given effect by "fitt[ing]" the two acts together. See *Alan, supra* at 272. " 'No such legislation can be sustained.' " *Id.,* quoting *Mok, supra* at 529. "[W]hen the Legislature intends to amend a previous act, it must do so in conformance with the plain and unequivocal requirements of . . . Const 1963, art 4, § 25." *Alan, supra* at 275.

We also reject plaintiffs' closely related contention[5] that 1987 PA 154 was "an act complete in itself" and,

---

[5] This Court used language suggesting that the "amendment by implication" and "act complete in itself" analyses are, perhaps, one and the same. *Weber v Orion Twp Bldg Inspector,* 149 Mich App 660, 664; 386

thus, not subject to Const 1963, art 4, § 25. Again, the suggested exception to the constitutional provision advanced here originated in *Mahaney*.

> An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent. [*Mahaney, supra* at 497.]

Similarly, the *Alan* Court quoted with approval from Justice POTTER, dissenting in *People v Stimer*, 248 Mich 272, 293; 226 NW 899 (1929):

> " 'The character of an act, whether amendatory or complete in itself, is to be determined [. . .] by comparison of its provisions with prior laws left in force, and if it is complete on the subject with which it deals it will not be subject to the constitutional objection, but if it attempts to amend the old law by intermingling new and different provisions with the old ones or by adding new provisions, the law on that subject must be regarded as amendatory of the old law and the law amended must be inserted at length in the new act.' " [*Alan, supra* at 278-279 (citations omitted; emphasis deleted).]

Under this analysis, 1987 PA 154 was not an "act complete in itself." The subject matter of the contested vehicle code § 628(11), the imposition of insurance eligibility points, is not addressed comprehensively

---

NW2d 635 (1986) ("An act complete within itself, even though amending another statute or act by implication, is not one of the evils sought to be prevented by Const 1963, art 4, § 25.").

within 1987 PA 154.[6] Instead, vehicle code § 628(11) is a piecemeal amendment to an existing comprehensive statutory scheme regarding insurance eligibility points and speed limit infractions. 1987 PA 154 "attempt[ed] to amend the old law by intermingling new and different provisions with the old ones" found in the Insurance Code. *Alan, supra* at 279, quoting *Stimer, supra* at 293 (POTTER, J., dissenting) (citations deleted; quotation marks deleted; emphasis deleted). Thus, 1987 PA 154 was not an act complete in itself, and Const 1963, art 4, § 25 applied to its enactment.

Plaintiffs further contend that, because 1987 PA 154 did not make any express reference to the Insurance Code, Const 1963, art 4, § 25 does not apply. Plaintiffs point out that the first sentence of Const 1963, art 4, § 25 only proscribes amendments "by reference." The *Alan* Court expressly rejected this same argument after considering *Mok* and *Burton v Koch*, 184 Mich 250; 151 NW 48 (1915).

> *Burton* ... stands for the rule that you can amend statute C by putting in statute B words for the purpose of amending statute C so long as you make no specific reference to C ....
>
> *Mok* says the constitution requires you to do the whole job right. *Burton* says it is good enough to do the job half right. ...
>
> This Court is convinced the constitution is not satisfied with halfway measures and does not prefer dissimulation to straightforwardness. We adopt the rule of *Mok* and overrule *Burton*. [*Alan, supra* at 281 (emphasis deleted).]

---

[6] Instead, 1987 PA 154 amended MCL 257.320a and added MCL 257.629c, both of which have to do with points recorded by the Secretary of State for the purpose of driver's license sanctions, see MCL 257.320, otherwise amended MCL 257.628 and MCL 257.629b to revise speed limits in response to changes in federal requirements, and established a highway safety task force, MCL 257.629d and MCL 257.629e. Apart from what was then § 628(7), the act did not address the insurance eligibility points scheme.

See also *Advisory Opinion re Constitutionality of 1972 PA 294*, 389 Mich 441, 517-518; 208 NW2d 469 (1973) (WILLIAMS, J., dissenting) ("[I]f a minimal reference such as to 'title only' is insufficient, no reference at all is even less sufficient. . . . The purpose of art 4, § 25 is to give notice and certainty. Obviously if reference to the title only is not enough for notice and certainty, giving no reference at all is *a fortiori* not enough.") .

We note that plaintiffs rely primarily on *Advisory Opinion*. However, as we have previously noted and as *Advisory Opinion* itself states, it "does not constitute a decision of the Court and is not precedentially binding . . . . [It only expressed] the views of the justices and not a judicial determination of the question by the court . . . ." *Advisory Opinion, supra* at 461 n 1. Of course, we might find *Advisory Opinion* to be persuasive, but only inasmuch as it does not contravene binding authority. With respect to the arguments plaintiffs would draw from *Advisory Opinion*, we do not find them to be persuasive; in many respects, the opinion ignores or contravenes principles announced in *Alan*, decided just a year earlier.

For example, *Advisory Opinion* found "particularly pertinent" practical concerns raised by Justice COOLEY regarding the extensive reenactment and publication requirements that would result from a broad interpretation of Const 1963, art 4, § 25. *Id.* at 471. However, the *Alan* Court had considered Justice COOLEY's concerns as well and, quite directly and cogently, found them to be unfounded in light of technological advances that had occurred since 1865. *Alan, supra* at 281-286. To the extent that, in this regard or others, *Advisory Opinion* contravenes *Alan*, we must, of course, follow *Alan*.

Further, as defendants point out, the analysis of the majority opinion in *Advisory Opinion* is consistent with *Alan*. Most notably, the statute discussed in *Advisory Opinion*, the no-fault act, was a comprehensive legislative scheme that was determined to be an act "complete within itself" under the *Alan* analysis. *Advisory Opinion, supra* at 477. Thus, *Advisory Opinion* merely applied principles similar to those employed in *Alan* to determine that a statute different in significant ways from that at issue in *Alan* was exempt from the requirements of Const 1963, art 4, § 25. As discussed earlier, 1987 PA 154 is more like the statute at issue in *Alan* than that considered in *Advisory Opinion*.

We affirm the decisions of the trial courts. The 55 mph speed zone exception of vehicle code section 628(11) was enacted in violation of Const 1963, art 4, § 25 and is without effect. No costs shall be awarded, a public policy question having been presented.