PALOZOLO v DEPARTMENT OF SOCIAL SERVICES

Docket No. 119133. Submitted January 17, 1991, at Lansing. Decided
May 21, 1991, at 9:55 A.M. Leave to appeal denied, 439 Mich —.

Sarah Palozolo filed a petition in the Livingston Circuit Court for
review of a decision of a hearing referee upholding the Depart-
ment of Social Services' reduction of the petitioner's Aid to
Families with Dependent Children grant and finding that the
DSS was entitled to recoupment of shelter allowances paid to
the petitioner because the petitioner's landlord is the father of
one of her children. The court, Stanley J. Latreille, J., upheld
the referee's determination, finding that the contested agency
policy was validly established and, therefore, was not subject to
the rule-making requirements of the Administrative Procedures
Act. The petitioner appealed.

The Court of Appeals held:

The establishment of eligibility and financial standards for
all forms of general public relief is not a permissive statutory
power of the DSS; therefore, the standards must be promulgated
pursuant to the rule-making procedures set forth in the APA.

The policy at issue deprives not only the petitioner, but an
entire class of people, benefits for which they otherwise would
be eligible on the basis of an internal policy of the agency
without the benefit of the protection afforded by the APA's rule-
making requirements.

Reversed and remanded.

1. SOCIAL SERVICES — SHELTER ALLOWANCES — AID TO FAMILIES WITH
DEPENDENT CHILDREN — ADMINISTRATIVE PROCEDURES ACT.

The Department of Social Services policy of denying shelter
allowances to families receiving Aid to Families with Depen-
dent Children when the landlord is a responsible relative is
invalid because it was not promulgated pursuant to the rule-
making requirements of the Administrative Procedures Act
(MCL 24.201 et seq.; MSA 3.560[101] et seq.).

REFERENCES

Am Jur 2d, Administrative Law §§ 99, 281-283, 287; Welfare Laws
§§ 8, 15, 91.

See the Index to Annotations under Administrative Law; Aid to
Families with Dependent Children.

2. SOCIAL SERVICES — GENERAL PUBLIC RELIEF — ELIGIBILITY AND
     FINANCIAL STANDARDS — ADMINISTRATIVE PROCEDURES ACT.

   The Department of Social Services does not have statutory power
   to establish eligibility and financial standards for all forms of
   general public relief; such standards must be promulgated
   pursuant to the rule-making procedures set forth in the Admin-
   istrative Procedures Act (MCL 24.201 *et seq.*; MSA 3.560[101] *et
   seq.*).

*Michigan Legal Services* (By *Susan K. McPar-
land* and *Kathleen A. Gmeiner*), for petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, and *Robert S. Welliver,*
Assistant Attorney General, for respondent.

Before: NEFF, P.J., and SHEPHERD and MCDON-
ALD, JJ.

PER CURIAM. Petitioner appeals as of right from
a June 26, 1989, circuit court order affirming a
decision of the hearing referee which upheld the
Department of Social Services' reduction of peti-
tioner's Aid to Families with Dependent Children
grant and found the DSS was entitled to recoup-
ment of shelter allowances paid to petitioner. We
reverse.

On July 13, 1987, petitioner and her minor
children moved into an apartment. Petitioner re-
ceived an AFDC grant for herself and her children
that included a $185 monthly shelter allowance.
However, in March 1988, the DSS discovered that
petitioner's landlord was the father of one of her
children.

The DSS Program Eligibility Manual item 515
(PEM 515), states:

   The Shelter allowance is included for only one
location. The location must be in Michigan. The
expense amount must be verified. No part of a

shelter expense paid to a responsible relative of a group member is allowed.

Hence, PEM 515 denies shelter allowances to AFDC families when the landlord is a responsible relative. The parent of a child under age eighteen is considered a responsible relative pursuant to the Program Reference Manual. Under the Program Administrative Manual, item 705, all over-issuances discovered after October 1, 1981, may be recouped or returned to the inspector general. Accordingly, the DSS requested petitioner to repay $1,480 in shelter allowances paid to her between August 1987 and March 1988. Removing the shelter allowance reduced her AFDC grant by $185 a month.

On July 29, 1988, an administrative hearing was held pursuant to MCL 400.9; MSA 16.409 and MCL 400.37; MSA 16.437. On August 15, 1988, the hearing referee upheld the DSS' removal of petitioner's shelter allowance and requested recoupment.

On appeal, petitioner contends PEM 515 should be declared invalid on the grounds it violates federal law regarding AFDC funds, the Fourteenth Amendment, and the rule-making requirements of the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*

We agree that the DSS' failure to promulgate PEM 515 pursuant to the rule-making procedures set forth in the APA renders it invalid, and thus do not address petitioner's remaining claims.

When promulgating rules, an agency must follow specified statutory procedures that include various notice and public hearing requirements. Failure to substantially comply with the procedural requirements renders the rule invalid. MCL 24.231-24.264; MSA 3.560(131)-3.560(164), *Pyke v*

*Dep't of Social Services,* 182 Mich App 619; 453 NW2d 274 (1990).

Section 7 of the APA provides in part:

> "Rule" means an agency regulation, statement, standard, policy, ruling, or instruction of general applicability that implements or applies law enforced or administered by the agency, or that prescribes the organization, procedure, or practice of the agency, including the amendment, suspension, or rescission thereof, but does not include any of the following:
>
> \* \* \*
>
> (j) A decision by an agency to exercise or not to exercise a permissive statutory power, although private rights or interests are affected. [MCL 24.207; MSA 3.560(107).]

Neither party denies that the contested agency policy was not promulgated pursuant to the APA statutory procedures. However, respondent argues, as it did in *Pyke,* that PEM 515 was established pursuant to its "permissive statutory powers" and therefore is not subject to the rule-making requirements of the APA. Respondent asserts that panels of this Court in *Hinderer v Dep't of Social Services,* 95 Mich App 716; 291 NW2d 672 (1980), and *Pyke* have concluded that when establishing eligibility and financial standards for all forms of general public relief, respondent is exercising permissive statutory powers and may act without rule promulgation. Respondent urges us to follow this precedent. We decline to do so for the reasons set forth in Judge SHEPHERD's dissent in *Pyke.*[1] Here, as in *Pyke,* the policy deprives not only this peti-

---

[1] *Pyke* was decided before November 1, 1990. Accordingly this opinion is binding on all trial courts, administrative tribunals, and on all panels of the Court of Appeals under Administrative Order No. 1990-6, 436 Mich lxxxiv, until reversed according to the methods stated in the order.

tioner but an entire class of people benefits to which they would otherwise be eligible on the basis of an internal policy of the agency without benefit of the protection afforded by the rule-making requirements.

Reversed and remanded.