SPEAR v MICHIGAN REHABILITATION SERVICES

Docket No. 154824. Submitted May 6, 1993, at Marquette. Decided October 5, 1993, at 9:00 A.M.

Kris Spear petitioned the Marquette Circuit Court for review of a decision by a hearing officer of Michigan Rehabilitation Services, a state agency within the Department of Education, upholding the agency's initial reduction and subsequent termination of educational assistance benefits Spear had received pursuant to the Rehabilitation Act of 1973, 29 USC 701 *et seq.* The court, Garfield W. Hood, J., affirmed the hearing officer's decision, rejecting Spear's contention that the reduction and termination of benefits were made pursuant to an agency policy of eligibility based on need and means that should have been, but was not, adopted as a rule consistent with the requirements of the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* Spear appealed.

The Court of Appeals *held:*

Federal regulations related to the Rehabilitation Act, 34 CFR 361.47, authorize, but do not require, states to impose needs testing to determine a prospective recipient's eligibility. 34 CFR 361.47(a)(2) requires that a state that chooses to employ a needs test must maintain written policies covering the determination of need. Under the Administrative Procedures Act, MCL 24.207; MSA 3.560(107), any policy of general applicability that implements or applies law enforced or administered by an agency or that prescribes the organization, procedure, or practice of the agency must be promulgated as a rule. MCL 24.207(j); MSA 3.560(107)(j) excludes from the requirement of rule promulgation a decision by an agency to exercise or not exercise a permissive statutory power.

In this case, the decision to employ a needs test for eligibility for benefits was an exercise of permissive power that need not have been supported with a promulgated rule. However, because federal regulations mandate written policies regarding the determination of financial need once a needs test is

REFERENCES

Am Jur 2d, Administrative Law § 195.
See ALR Index under Administrative Law.

adopted, such policies do not come within the exception of MCL 24.207(j); MSA 3.560(107)(j) and therefore must be formally promulgated as rules. Even in the absence of the federal mandate for written policies, the needs test constitutes an agency policy of general applicability implementing a law enforced or administered by the agency and must be supported by promulgated rules pursuant to MCL 24.207; MSA 3.560(107).

Reversed and remanded to the hearing officer for further proceedings.

ADMINISTRATIVE LAW — RULES — ADMINISTRATIVE PROCEDURES ACT.

An agency policy of general applicability that implements or applies law enforced or administered by the agency must be promulgated as a rule; a decision by an agency to exercise or not exercise a permissive statutory power need not be supported with a promulgated rule (MCL 24.207; MSA 3.560[107]).

Michigan Protection and Advocacy Service (by *Stewart R. Hakola*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Paul J. Zimmer* and *Jane D. Woodfin,* Assistant Attorneys General, for the respondent.

Before: SAWYER, P.J., and HOOD and WEAVER, JJ.

PER CURIAM. Petitioner appeals from an order of the circuit court affirming the decision and conclusion of respondent's hearing officer that respondent had acted within the scope of the rules and regulations concerning petitioner's request for benefits from respondent. We reverse.

Respondent is a statewide agency within the Department of Education whose responsibilities include implementation of Title I of the Rehabilitation Act of 1973, 29 USC 701 *et seq.* Petitioner is an eligible recipient of vocational rehabilitation services under the act. Respondent had determined that petitioner could maximize his employability

by pursuing postsecondary educational opportunities at Northern Michigan University. Accordingly, respondent prepared an Individualized Written Rehabilitation Program Plan, as required by 29 USC 721(9) and 722, for petitioner in 1987 and later amended it in 1988. The plan listed petitioner's objective as acquiring work skills as an outdoor recreation specialist by receiving training at NMU. Petitioner's attendance at NMU was to commence in August 1988 and extend through May 1991.

At issue here is a dispute concerning the amount of benefits respondent paid to petitioner, particularly with respect to an award of $600 in assistance for the fall 1990 semester, and its further decision not to grant any assistance for the winter 1991 semester. On appeal, petitioner raises a number of arguments, one of which is dispositive.

Petitioner argues that respondent's action was based upon a policy that was not properly promulgated as a rule and that had to be properly promulgated as a rule in order to be applied to petitioner. We agree. At issue is what is known as Item 5510 in the Casework Operations Manual, which in essence imposes means testing for the payment of benefits to a recipient under the program, particularly with respect to requiring that a recipient apply for all financial aid for which the recipient is eligible through the educational institution the recipient is attending. Benefits paid by respondent are to be determined in light of the financial aid received by the recipient from the institution. Item 5510 also requires a recipient to apply for student loans in connection with obtaining benefits under the rehabilitation program.

It is undisputed that need may be considered by the state in administering the program to deter-

mine eligibility for benefits, but the state is not required to consider need. Rather, the federal regulations implementing the act authorize, but do not require, states to impose needs testing to determine benefits, provided that those policies are in writing and are uniformly applied. See 34 CFR 361.47. Respondent argues that it was not obligated to implement its needs test through a formal rule-making process. We disagree.

A "rule" includes any policy of general applicability that implements or applies law enforced or administered by an agency or that prescribes the organization, procedure, or practice of the agency. MCL 24.207; MSA 3.560(107). Respondent argues that Item 5510 comes within the provisions of MCL 24.207(j); MSA 3.560(107)(j), which excludes from the definition of a rule a decision by an agency to exercise or not exercise a permissive statutory power. We disagree.

Under 34 CFR 361.47, the decision to employ a needs test in determining eligibility for benefits is a permissive power. To that extent, we would agree with respondent that it need not promulgate a rule merely to make the decision whether to employ a needs test or not. However, at issue is not merely respondent's decision to employ a needs test, but also the nature of the test itself. We conclude that it was necessary for respondent to promulgate a rule to establish the elements of the needs test employed.

First, while the decision to employ a needs test is discretionary under 34 CFR 361.47, the adoption of written policies implementing that test is not. 34 CFR 361.47(a)(2) requires that a state that chooses to employ a needs test must maintain written policies covering the determination of financial need. Accordingly, where a needs test is employed, the policies implementing that test are

mandatory and, therefore, do not come within the exercise of discretionary statutory authority so as to remove the matter from the definition of a "rule" under the Administrative Procedures Act.

Moreover, even in the absence of the requirement under the federal regulation to maintain written policies, we believe that the elements of the needs test itself constitute a rule under MCL 24.207; MSA 3.560(107). It does not constitute the decision to exercise discretionary statutory authority under subsection j, rather it is an agency policy of general applicability implementing a law enforced or administered by the agency where the agency has chosen to implement a needs test. That is, while the agency's decision to employ a needs test represents the discretionary exercise of statutory authority exempt from the definition of a rule under subsection j, the test itself, which is developed by the agency, is not exempt from the definition of a rule and, therefore, must be promulgated as a rule in compliance with the Administrative Procedures Act.[1]

Accordingly, for the above reasons, we conclude that while respondent is free to adopt the needs test, the test it adopts must be promulgated as a rule under the provisions of the Administrative Procedures Act. This respondent has failed to do.

In light of our disposition of the above issue, we need not address the remaining issues.

Reversed and remanded to the hearing officer for further proceedings consistent with this opinion. We do not retain jurisdiction. Petitioner may tax costs.

[1] For a general discussion of the need to promulgate rules, see Judge SHEPHERD's dissent in *Pyke v Dep't of Social Services*, 182 Mich App 619, 633-636; 453 NW2d 274 (1990). Judge SHEPHERD's dissent was adopted by the majority in *Palozolo v Dep't of Social Services*, 189 Mich App 530; 473 NW2d 765 (1991).